IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAUL MCCOWN,<br><br>Defendant. | No. 22cr23-SWS<br><br>Cts 1 - 7: 18 U.S.C. § 1343<br>(Wire Fraud) |

## INFORMATION

THE UNITED STATES ATTORNEY CHARGES THAT:

### Counts One – Four

### Wire Fraud – 18 U.S.C. § 1343

### *Introductory Allegations*

1. At all relevant times, PAUL McCOWN was an individual residing in Lander, Wyoming, located in the District of Wyoming, and his primary employment was as the Chief Financial Officer for Wyoming Catholic College, also located in Lander, Wyoming.

### *Wyoming Business Council Administered COVID-19 Relief Programs*

2. The Wyoming Business Council (Business Council) is an economic and community development agency for the State of Wyoming charged with cultivating economic opportunities.

3. The Coronavirus Aid, Relief, and Economic Security (CARES) Act is a federal law enacted in or around March 2020 and was designed to provide emergency financial assistance to the millions of Americans suffering the economic effects of the COVID-19 pandemic. The CARES

Act also provided relief funds to States, Tribal governments, and units of local government to cover costs related to the public health emergency caused by COVID-19. For this purpose, the State of Wyoming received 1.25 billion dollars in CARES Act funds.

4. As part of distributing Wyoming's CARES Act funds, the Business Council was given the authority to administer four stipend programs meant to aid Wyoming businesses: the Business Interruption Stipend Program, the Business Relief Stipend Program, the Coronavirus Mitigation Stipend Program, and the Endurance Business Relief Program.

5. The Business Interruption Stipend Program provided up to $50,000 to businesses that, amount other things, reported actual losses resulting from COVID-19 and required business closures. The use of the stipend funds was limited to reimbursing the costs of business interruptions caused by COVID-19.

6. The Business Relief Stipend Program provided up to $300,000 to businesses that, among other things, reported actual losses resulting from COVID-19 and required business closures. The stipend funds were required to be used to compensate for those actual losses by being used for operational expenses such as payroll, equipment, mortgages, and utilities.

7. The Coronavirus Mitigation Stipend Program provided up to $500,000 to businesses that, among other things, reported actual expenses incurred as a result of COVID-19 and related business interruptions. The stipend funds were limited to reimbursements for actual expenses incurred for the health and safety of Wyoming employees and expenses incurred to comply with public health guidelines as a result of COVID-19.

8. The Endurance Business Relief Program provided up to $250,000 to businesses that, among other things, reported lost revenue and actual expenses incurred for personal protective

equipment, cleaning and sanitizing supplies, and signage as a result of COVID-19 and related business interruptions.

9. All applications for these stipend programs were made through an online application portal maintained by the Wyoming Business Council using servers located outside of the state of Wyoming.

### *The Scheme and Artifice to Defraud*

10. It was part of the scheme and artifice to defraud that Defendant PAUL McCOWN organized McCown Enterprises, LLC as a Wyoming Limited Liability Company on or about January 28, 2019, and he sought investors for McCown Enterprises, LLC so that it could carry on operations as a gin distillery beginning in 2020.

11. It was further a part of the scheme and artifice to defraud that McCown Enterprises, LLC did not suffer any material losses as a result of COVID-19.

12. It was further a part of the scheme and artifice to defraud that PAUL McCOWN submitted an application to the Business Council on June 8, 2020, in which he falsely claimed that McCown Enterprises, LLC had suffered at least $50,000 in actual losses resulting from COVID-19 and required business closures, and so he requested $50,000 in Business Interruption Stipend Program funds.

13. It was further a part of the scheme and artifice to defraud that, based on McCOWN's false application, the Business Council issued a check to McCown Enterprises, LLC in the amount of $50,000 on June 16, 2020.

14. It was further a part of the scheme and artifice to defraud that PAUL McCOWN submitted an application to the Business Council on August 4, 2020, in which he falsely claimed that McCown Enterprises, LLC had suffered approximately $493,000 actual losses resulting from

COVID-19 and required business closures, and so he requested $300,000 in Business Relief Stipend Program funds.

15. It was further a part of the scheme and artifice to defraud that, based on McCOWN's false application, the Business Council issued a check to McCown Enterprises, LLC in the amount of $300,000 on August 27, 2020.

16. It was further a part of the scheme and artifice to defraud that PAUL McCOWN submitted an application to the Business Council on September 15, 2020, in which he falsely claimed that McCown Enterprises, LLC had suffered approximately $491,863 actual expenses incurred as a result of COVID-19 and related business interruptions, and so he requested $491,863 in Coronavirus Mitigation Stipend Program funds.

17. It was further a part of the scheme to defraud that, based on McCOWN's false application, the Business Council issued a check to McCown Enterprises, LLC in the amount of $491,863 on October 5, 2020.

18. It was further a part of the scheme to defraud that PAUL McCOWN submitted an application to the Business Council on August 4, 2020, in which he falsely claimed that McCown Enterprises, LLC had suffered approximately $431,331 in lost revenue and actual expenses incurred for personal protective equipment, cleaning and sanitizing supplies, and signage as a result of COVID-19 and related business interruptions, and so he requested $246,559 in Endurance Business Relief Program funds.

19. It was further a part of the scheme to defraud that on March 15, 2021, McCown agreed to return all funds paid to him and McCown Enterprises, LLC, a total of $841,863, to the Business Council.

## Counts One - Four

20. Beginning on or about March 1, 2020 but no later than June 8, 2020, through on or about May 11, 2021, in the District of Wyoming and elsewhere, the Defendant, **PAUL McCOWN**, knowingly devised and intended to devise a scheme and artifice to defraud the Wyoming Business Council and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing the scheme and artifice to defraud, transmitted and caused to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, pictures, and sounds as further described below:

| Count | Date | Wire Transmission |
| --- | --- | --- |
| One | 6/8/2020 | Online submission of application for $50,000 from the Business Interruption Stipend Program for McCown Enterprises, LLC |
| Two | 8/4/2020 | Online submission of application for $300,000 from the Business Relief Stipend Program for McCown Enterprises, LLC |
| Three | 9/15/2020 | Online submission of application for $491,863 from the Coronavirus Mitigation Stipend Program for McCown Enterprises, LLC |
| Four | 11/3/2020 | Online submission of application for $246,559 from the Endurance Business Relief Program for McCown Enterprises, LLC |

In violation of 18 U.S.C. § 1343.

## Counts Five – Seven

### Wire Fraud – 18 U.S.C. § 1343

*Introductory Allegations*

21. Paragraphs 1 through 19 are hereby re-alleged and incorporated by reference.

22. Ria R Squared, Inc. (Ria) is a global alternative asset management company that offers financial planning, portfolio management, and investment supervisory and advisory services. D.K. is the Chief Executive Officer and President of Ria. Ducenta Squared Asset Management (Ducenta) is a global fixed income asset management firm and is a sister company

of Ria. D.K. is the Chief Executive Officer of Ducenta.

### *The Scheme and Artifice to Defraud*

23. It was a part of the scheme and artifice to defraud that in March 2021, PAUL McCOWN, Chief Financial Officer of Wyoming Catholic College, was introduced to D.K., at which time McCOWN represented to D.K. that the Wyoming Catholic College would need asset management services for its endowment fund.

24. It was further a part of the scheme and artifice to defraud that McCOWN also represented to D.K. that McCOWN required investment advisory services for his purported personal wealth in excess of $750,000,000.

25. It was further a part of the scheme and artifice to defraud that McCOWN impersonated K.H, Vice President and Branch Manager of Wyoming Community Bank in Lander, Wyoming, and in doing so fabricated documents which falsely purported to represent to D.K. that McCown was an investor capable of investing over $750,000,000.

26. It was further a part of the scheme and artifice to defraud that, while falsely purporting to be arranging his proposed investment his of alleged personal wealth with Ducenta, McCOWN requested that D.K. arrange for a $15,000,000 loan for McCown Enterprises, LLC.

27. It was further a part of the scheme and artifice to defraud that based on McCOWN's request for a loan and based on McCOWN's false representations about investing more than $750,000,000 of his personal wealth with Ducenta, D.K. arranged for Ria to provide a $15,000,000 loan to McCown Enterprises, LLC.

28. It was further a part of the scheme defraud that, based on McCown's false representations, Ria wired $14,700,000 from BNPP NY, located in New York, to Bankers' Bank of the West, and then to McCOWN's account at the Wyoming Community Bank in Lander,

Wyoming on May 11, 2021.

29. It was further a part of the scheme to defraud that on May 11, 2021, McCown obtained a cashier's check from Wyoming Community Bank, payable to the State of Wyoming, for $841,863, the purpose of which was to repay the State of Wyoming for the funds he had fraudulently obtained from the Wyoming Business Council, as set forth in Counts One through Four above.

### Counts Five – Seven

30. Beginning on or about January 1, 2021 but no later than March 12, 2021, through on or about July 1, 2021, in the District of Wyoming and elsewhere, the Defendant, **PAUL McCOWN**, knowingly devised and intended to devise a scheme and artifice to defraud D.K., Ria, and Ducenta and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing the scheme and artifice to defraud, transmitted and caused to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, pictures, and sounds as further described below:

| Count | Date | Wire Transmission |
|---|---|---|
| Five | 5/10/2021 | Email with executed Promissory note attached |
| Six | 5/11/2021 | Email with executed Security Agreement attached |
| Seven | 5/11/2021 | $14,700,000 wire transfers |

In violation of 18 U.S.C. § 1343.

### FORFEITURE NOTICE

The allegations set forth above are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures. Upon conviction of any offense in violation of 18 U.S.C. § 1343, Defendant Paul McCown shall forfeit to the United States of America, under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is

derived from proceeds traceable to the offenses. The property to be forfeited by Defendant McCOWN includes, but is not limited to, a money judgment for the proceeds obtained by McCOWN from the schemes to defraud charged in Counts 1-7.

The United States of America shall be entitled to forfeiture of substitute property under 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), if any of the property described above, as a result of any act or omission of the Defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

DATED this 10th day of March, 2022.

                                        L. ROBERT MURRAY  
                                        United States Attorney

By: _____  
                                        CHRISTYNE M. MARTENS  
                                        Assistant United States Attorney

# PENALTY SUMMARY

**DEFENDANT NAME:** PAUL MCCOWN

**DATE:** March 10, 2022

**INTERPRETER NEEDED:** No

**VICTIM(S):** Yes

**OFFENSE/PENALTIES:**

Cts: 1-7   18 U.S.C. § 1343
(Wire Fraud)

0-20 Years Imprisonment
Up To $250,000 Fine
3 Years Supervised Release
$100 Special Assessment

**TOTALS:**
0-140 Years Imprisonment
Up To $1,750,000 Fine
3 Years Supervised Release
$700 Special Assessment

**AGENT:** Jennifer McGrath, FBI

**AUSA:** Christyne M. Martens, Assistant United States Attorney

**ESTIMATED TIME OF TRIAL:** 6 to 10 days

**WILL THE GOVERNMENT SEEK DETENTION IN THIS CASE:** No

**ARE THERE DETAINERS FROM OTHER JURISDICTIONS:** No