Christyne M. Martens WSB #7-5044
Assistant United States Attorney
District of Wyoming
P.O. Box 22211
Casper, WY 82602
307-261-5434 (phone)
307-261-5471 (fax)
christyne.martens@usdoj.gov

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>         Plaintiff,<br>v.<br><br>**PAUL MCCOWN,**<br><br>         Defendant. | **Case Number: 22-CR-23-SWS** |

### GOVERNMENT'S MOTION FOR PRELIMINARY ORDER OF FORFEITURE

**COMES NOW THE UNITED STATES OF AMERICA**, pursuant to Rule 32.2(b)(2), Fed. R. Crim. P. and hereby moves the Court to enter a preliminary order of forfeiture as to the Defendant, Paul McCown.  In support of this motion, the government states as follows:

**I.  Procedural Background**

On March 10, 2022, the United States filed an Information charging the Defendant with seven counts of wire fraud in violation of 18 U.S.C. § 1343. (Doc. 1). The Defendant signed a plea agreement, pleading guilty to all seven counts contained in the Information. (Docs. 1 and 2).

The forfeiture allegation contained in the Information notified the Defendant that upon conviction of any violation of 18 U.S.C. § 1343 the Defendant "shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses. The property to be forfeited by

Defendant McCown includes, but is not limited to, a money judgment for the proceeds obtained by McCown from the schemes to defraud charged in Counts 1-7." (*See* Doc. 1 at 7-8).

In the Defendant's plea agreement, he consented to the forfeiture of $13,300,176.73. (Doc. 2 at 6). The Defendant admits this Subject Property was involved in the offense(s) of conviction and is thus forfeitable to the United States. *Id.* The Defendant relinquishes any right, title and interest he may have in the Subject Property and agrees that such right, title and interest can be forfeited to the United States (including the federal investigating agency) without further notice to him. *Id*. The Defendant further agrees not to assist any other person(s) in any effort to contest falsely the forfeiture of the Subject Property. *Id.* The Subject Property consists of $13,290,672.99. More specifically, the subject property is an aggregation of amounts seized as follows:

| Bank | Account ending | Amount Seized |
|---|---|---|
| Fifth Third Bank | 061 | $ 351,300.67 |
| Wyo. Community Bank | 957 | $ 699,531.26 |
| Wyo. Community Bank | 668 | $ 969.97 |
| JP Morgan Chase Bank | 221 | $ 500,000.00 |
| JP Morgan Chase Bank | 516 | $ 537,496.26 |
| Notre Dame Federal Credit Union | 606 | $ 8,925,000.00 |
| Central Bank & Trust | 868 | $ 838,845.23 |
| Wells Fargo Bank | 428 | $ 10,876.24 |
| Wells Fargo Bank | 012 | $ 739,143.76 |
| Robert W. Baird & Co | 435 | $ 301,129.11 |
| Robert W. Baird & Co | 746 | $ 372,509.60 |
| Merrill Lynch | 284 | $ 13,870.89 |

While the Defendant consented to the forfeiture of $13,300,176.73 in the plea agreement as the subject property seized by the Government, that figure resulted from an error calculating the seized amounts. (Doc. 2 at 6). The actual amount seized by the Government is $13,290,672.99,

which is $9,503.74 less than the Defendant agreed to forfeit. Thus, this arithmetic error in the plea agreement does not prejudice the Defendant or otherwise affect these proceedings.

## II. This Court should enter a preliminary order of forfeiture in favor of the United States.

Consistent with the Information and Plea Agreement, the United States now moves pursuant to Rule 32.2(b) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) for the entry of a Preliminary Order of Forfeiture, forfeiting to the United States the Subject Property described above.

Upon the issuance of a Preliminary Order of Forfeiture, the United States will publish notice of the Order on the Government's official Internet website, www.forfeiture.gov, and will send direct notice to any person, other than the Defendant, having or claiming a legal interest in the Subject Property, advising such person of his or her right to file a petition contesting the forfeiture in accordance with 21 U.S.C. § 853(n) and Rule 32.2(c).  This notice will state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Property, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited Subject Property and any additional facts supporting the petitioner's claim and the relief sought.

**DATED** this 10th day of May, 2022.

                                          Respectfully submitted,

                                          L. ROBERT MURRAY
                                          United States Attorney

By:   */s/ Christyne M. Martens*
        CHRISTYNE M. MARTENS
        Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

This is to certify that on this 10th day of May, 2022, I served true and correct copies of the foregoing upon counsel via CM/ECF.

*/s/ Lisa Wait*
UNITED STATES ATTORNEY'S OFFICE