## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | **Case Number: 22-CR-23-SWS** |
| **PAUL MCCOWN,** | |
| Defendant. | |

## PRELIMINARY FORFEITURE ORDER

**THIS MATTER** comes before the court on the Government's Motion for Preliminary Forfeiture Order. Based upon the record in this case and the reasons stated in the motion, and for good cause shown, the Court makes the following findings:

As the result of Defendant McCown's plea of guilty to his participation in the crimes charged in the Information (Doc. 1) and the language in his plea agreement (Doc. 2), the Defendant relinquishes any rights, title and interest he may have in the Subject Property listed in Forfeiture section of the Information (Doc. 1 at 7-8).

The Subject Property is forfeitable under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and the government has established the requisite nexus between the Subject Property and the crimes of conviction.

The Court **GRANTS** the Government's Motion for Preliminary Order of Forfeiture against the following Subject Property:

**$13,290,672.99.**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) the Defendant shall forfeit the above-listed Subject Property to the United States.

Upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.  The United States shall publish notice of the order and its intent to dispose of the Subject Property in such a manner as the Attorney General may direct.  The United States may, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property.

Any person, other than the Defendant, asserting a legal interest in the Subject Property may, within thirty (30) days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Subject Property, and for an amendment of the order of forfeiture.

Pursuant to Rule 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing or before sentencing if he consents, and shall be made part of the sentence and included in the judgment.  If no third-party files a timely claim, this Order shall become a Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)

Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, and any additional facts supporting the petitioner's claim and the relief sought.

After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), which is incorporated by 18 U.S.C. § 982(b), for the filing of third-party petitions.

The court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

**SO ORDERED:**

**DATED** this _____ day of May, 2022.

SCOTT W. SKAVDAHL
Chief Judge, United States District Court