Christyne M. Martens, WSB #7-5044
Assistant United States Attorney
District of Wyoming
P.O. Box 22211
Casper, WY 82602
(307) 261-5434
christyne.martens@usdoj.gov

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | Criminal No. 22-CR-23-SWS |
| **PAUL MCCOWN** | |
| Defendant. | |

### GOVERNMENT'S RESTITUTION MEMORANDUM

The United States of America, through Assistant United States Attorney Christyne M. Martens, provides the following authority in advance of the sentencing hearing in this matter.

**I.      Relevant Factual and Procedural History**

Paul McCown pleaded guilty to seven counts of wire fraud in violation of 18 U.S.C. § 18 U.S.C. § 1343. (Doc. 1, 2, 5). Pertinent here, he admitted to fraudulently inducing Ria R Squared, Inc. (Ria) to wire $14,700,000 to him. As part of his plea agreement, he agreed that restitution in this case "shall include at least the following . . . $14,700,000 restitution to Ria R Squared Inc." and "Prejudgment interest/lost investment income to Ria R Squared, Inc. in an amount to be determined at or before sentencing." (Doc. 2 at ¶ 18). The parties disagree on the appropriate measure of Ria's actual losses attributable to "Prejudgment interest/lost investment income" as contemplated in the plea agreement.

In his objections to the presentence report, the Defendant asserts that the 5.5% interest rate from the promissory note he fraudulently secured should govern Ria's lost income calculation and that any attempt at calculating its other lost income is speculative. (Doc. 18). Not so.

The Government anticipates presenting testimony that will explain the investments from which the $14,700,000 was recalled and how the money left behind in those investments has performed. Based on the actual performance of the funds left behind, this Court may easily determine the income the $14,700,000 would have produced but for the fraud perpetrated by the Defendant without the need to engage in speculation.

## II.   The Restitution order should represent a non-speculative calculation of the victim's actual losses.

Courts may order restitution only as authorized by statute. *United States v. Ferdman*, 779 F.3d 1129, 1131 (10th Cir. 2015). The Mandatory Victim's Restitution Act (MVRA) applies in all sentencing proceedings following convictions for "any offense committed by fraud or deceit." 18 U.S.C. § 366A(c)(1)(A)(ii). A restitution order under the MVRA must be based on "the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A).

Explaining how to calculate the full amount of the victim's losses, the Tenth Circuit said that district courts should use their discretion to determine value:

> Where return of the stolen property is not feasible, the defendant must pay "the value of the property" to the victim of the offense, plus, in any event, "expenses incurred during participation in the investigation or prosecution of the offense." 18 U.S.C. § 3663A(b)(1), (b)(4). Although the MVRA does not define "value," and does not expressly authorize restitution for lost sales or profits, we have recognized that § 3663A "appears to contemplate the exercise of discretion by sentencing courts in determining the measure of value appropriate to restitution calculation in a given case." *James*, 564 F.3d at 1245 (internal quotations omitted). "[T]his approach allows the district court to determine in each circumstance the best

measure of value for the purpose of calculating the [victim's] actual loss...." *Id*. at 1246.

*Ferdman*, 779 F.3d at 1132 (10th Cir. 2015) (quotations and alterations in original).

"To calculate the loss of fungible assets, we usually need to consider lost sales and profits." *United States v. Dickerson*, 678 Fed.Appx. 706, 723 (10th Cir. 2017). When "a district court relies on 'lost sales and accompanying profits to calculate the amount of the victim's actual loss under the MVRA. . . . in the case of fungible or readily replaceable goods . . . the Government must present more than a claim that but for a defendant's theft, the victim may have made additional sales[;] . . . the Government must present at least some evidence . . . from which the court could reasonably infer lost sales." *Id*. (quoting *Ferdman*, 779 F.3d at 1132).

The purpose of restitution is to make a victim whole by restoring them to the position they occupied before the crime. *Ferdman*, 779 F.3d at 1132; *see also Paroline v. United States*, 572 U.S. 434, 456 (2014). Consistent with these purposes, "[p]rejudgment interest reflects the victim's loss due to his inability to use the money for a productive purpose, and is therefore necessary to make the victim whole. This is especially true when, as in this case, the victim is a financial institution because '[f]oregone interest is one aspect of the victim's actual loss.'" *United States v. Patty*, 992 F.2d 1045, 1050 (10th Cir. 1993).

Thus, as part of a restitution order calculating a victim's actual loss, victims are entitled to a calculation of any income, investment or otherwise, that was lost as a result of the Defendant's criminal conduct.

Here, the Defendant asserts that lost income should be limited to the 5.5% interest rate on the fraudulently obtained promissory note. However, that figure does not capture "the full amount

of [the] victim's losses." 18 U.S.C. § 3664(f)(1)(A). Furthermore, the promissory note's terms and Ria's actions to enforce it are irrelevant to the calculation of Ria's actual loss.

First, "[u]nder general contract principles, it is well established that a contract is void and unenforceable if procured through fraud." *Bennett v. Coors Brewing Co.*, 189 F.3d 1221, 1229 (10th Cir. 1999) (citing Restatement (Second) Contracts § 164(1) (1981)); *Stern v. Highland Lake Homeowners*, 2021 WL 1164718, *6 (S.D.N.Y. ("Under New York contact law, 'A contract induced by fraud . . . is subject to rescission, rendering it unenforceable by the culpable party.'"); *Fox v. Tanner*, 101 P.3d 939, 944 (Wyo. 2004) (contracts induced by fraud are void). The Defendant pleaded guilty to a fraudulent scheme to induce the contract, so any agreement about 5.5% interest was void at the outset. And the application of that rule makes sense under these facts. Having been misled, it was perfectly reasonable for Ria to forego higher returns than 5.5% on $15,000,000 thinking they were securing $750 million in capital. This is especially so since they were employing leveraged investing and could invest it at a 5:1 ratio or more—meaning they would have been able to invest the $750 million dollars as if it was at least $3.75 billion dollars.

Furthermore, Ria's actions in the civil case do not override the command of 18 U.S.C. § 3664(f)(1)(A) that the restitution order be based on the full amount of their losses. Nor are those actions binding in this case where they are not actually a party.

When resolving this dispute about the correct amount of restitution, this Court should apply the preponderance of the evidence standard. *Id*. § 3664(e). "The burden of demonstrating the amount of loss sustained by the victim as a result of the offense shall be on . . . the Government." 18 U.S.C. § 3664(e). The Federal Rules of Evidence do not apply to sentencing. Fed. R. Evid. 1101(d). When determining the amount of restitution, a court "may consider hearsay evidence that

bears minimal indicia of reliability so long as the defendant is given the opportunity to refute the evidence." *United States v. Howard*, 784 F.3d 745, 750 (10th Cir. 2015) (quoting *United States v. Rodriguez*, 751 F.3d 1244, 1261 (11th Cir. 2014)). "A district court 'may resolve restitution uncertainties with a view towards achieving fairness to the victim so long as it still makes a reasonable determination of appropriate restitution rooted in a calculation of actual loss.' " *Ferdman*, 779 F.3d at 1133 (alteration omitted) (quoting *Gallant*, 537 F.3d at 1252).

DATED this 1st day of July 2022.

                                  NICHOLAS VASSALLO
                                  Acting United States Attorney

By:   */s/ Christyne M. Martens*
       CHRISTYNE M. MARTENS
       Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

This is to certify that on the 1st day of July 2022, I served a true and correct copy of the foregoing memorandum motion upon counsel of record via CM/ECF.

>     */s/ Amanda R. Hudson*
>     UNITED STATES ATTORNEY'S OFFICE