# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA | Case Number: 22-CR-23-SWS |
| vs | |
| PAUL D. McCOWN | Defendant's Attorney(s): Jason Tangeman |

## JUDGMENT IN A CRIMINAL CASE

THE DEFENDANT pled guilty to counts 1, 2, 3, 4, 5, 6 and 7.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title and Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1343 | Wire Fraud | May 11, 2021 | 1-4 |
| 18 U.S.C. § 1343 | Wire Fraud | July 1, 2021 | 5-7 |

The defendant is sentenced as provided in pages 2 through 9 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

IT IS FURTHER ORDERED that restitution shall be held in abeyance until July 29, 2022.

Defendant's USM No: **90788-509**

July 8, 2022
Date of Imposition of Sentence

Scott W. Skavdahl
Chief United States District Judge

7/12/22
Date

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 63 months as to each Counts 1, 2, 3, 4, 5, 6 and 7, to be served concurrently.

The Court recommends to the Bureau of Prisons that the defendant be placed at a facility in or near Orange County, California.  The Court recommends the defendant participate in the Residential Drug Abuse Program.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons, on the date determined by the Bureau of Prisons and as notified by the U.S. Probation and Pretrial Services Office.

# RETURN

I have executed this Judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____ at

_____ , with a certified copy of this Judgment.

_____
United States Marshal/Bureau of Prisons

By: _____
Authorized Agent

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years as to Counts 1, 2, 3, 4, 5, 6 and 7, to be served concurrently.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

The defendant shall refrain from any unlawful use of a controlled substance; **however, mandatory drug testing for this defendant is waived.** The defendant shall be subject to alcohol testing, if directed by the U.S. Probation Officer, at a rate of no more than 15 tests per month.

If a fine is imposed and has not been paid upon release to supervised release, the defendant shall adhere to an installment schedule to pay that fine.

The defendant shall (A) make restitution in accordance with 18 U .S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664; and (B) pay the assessment imposed in accordance with 18 U.S.C. § 3013. If there is a court-established payment schedule for making restitution or paying the assessment (see 18 U.S .C. § 3572(d)), the defendant shall adhere to the schedule.

The defendant shall submit to the collection of a DNA sample at the direction of the United States Probation Office if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S .C. § 14135a).

The defendant shall comply with the standard conditions that have been adopted by this Court as defined in the contents of the Standard Conditions page (if included in this judgment). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

The defendant shall not incur any new debt or credit without permission of the U.S. Probation Officer, until all court-ordered financial penalties are paid in full.

The defendant shall provide full financial disclosure to the U.S. Probation Officer, including detailed documentation of income and expenses, until all court-ordered financial penalties are paid in full.

The defendant shall not open more than one checking account or savings account without the prior approval of the U.S. Probation Officer.

The defendant shall disclose all online financial and email accounts and shall allow the U.S. Probation Officer to review and monitor these accounts.

The defendant shall cooperate with the Internal Revenue Service and file tax returns timely and lawfully, and pay any back taxes, penalties and interest as determined by the Internal Revenue Service.

The defendant shall not work as a business manager or bookkeeper, or hold any position of employment in which he has sole access to bank accounts, payroll systems, financial records, or the personal identifiers of any individuals; however, he may perform these positions and/or duties if supervised by a business partner. He shall not be a signatory on any business account without a co-signatory and shall not be in a position to deposit or distribute funds with respect to any business account without supervision by a business partner or co-signatory. He shall allow the U.S. Probation Officer access to any and all business records and permit the U.S. Probation Officer to review any business accounts upon which the defendant is a signatory.

The defendant shall apply the full amount of any annual federal and/or state income tax refund toward payment of any monetary obligations. In addition, if the defendant receives substantial resources (over $500) from any source, including but not limited to inheritance, gift, liquidation of assets, settlement, or other judgment, during a period of supervision, the defendant shall be required to apply the value of such resources to any restitution or other monetary obligations still owed. Regardless of any lump sum payments made from any source, minimum monthly payments shall continue to be made during the period of supervision. At the direction of the probation officer, the defendant shall execute a voluntary wage assignment with any employer for the payment of outstanding monetary obligations.

The defendant shall submit his person, residence, storage facility, office, computer devices, or vehicle to a search, conducted by a U.S. Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

The defendant shall participate in a cognitive-behavioral treatment regimen that may include, but is not limited to, Moral Reconation Therapy, Cognitive Thinking, Thinking for a Change, or Interactive Journaling. The defendant shall actively participate in treatment until successfully discharged or until the U.S. Probation Officer has excused the defendant from the treatment regimen.

# STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall report to the probation office in the federal judicial district where he or she is authorized to reside within 72 hours of the time the defendant was sentenced or released from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the defendant shall report to the probation officer as instructed.

3. The defendant shall not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court or the probation officer.

4. The defendant shall answer truthfully the questions asked by the probation officer.

5. The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. The defendant shall allow the probation officer to visit the defendant at any time at his or her home or elsewhere, and the defendant shall permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that he or she observes in plain view.

7. The defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment he or she shall try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about his or her work (such as the position or the job responsibilities), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If the defendant is arrested or questioned by a law enforcement officer, the defendant shall notify the probation officer within 72 hours.

10.  The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers).

11.  The defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12.  If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may, after obtaining Court approval, require the defendant to notify the person about the risk and the defendant shall comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk.

13.  The defendant shall follow the instructions of the probation officer related to the conditions of supervision.

## FINANCIAL PENALTIES

The defendant shall pay the following total financial penalties in accordance with the schedule of payments set out below.

| Count | Assessment | Restitution | Fine | |
|---|---|---|---|---|
| 1 | $100.00 | | | |
| Notes: | | | | |
| 2 | $100.00 | | | |
| Notes: | | | | |
| 3 | $100.00 | | | |
| Notes: | | | | |
| 4 | $100.00 | | | |
| Notes: | | | | |
| 5 | $100.00 | | | |
| Notes: | | | | |
| 6 | $100.00 | | | |
| Notes: | | | | |
| 7 | $100.00 | | | |
| Notes: | | | | |
| **Totals:** | $700.00 | | | |

The fine and/or restitution includes any costs of incarceration and/or supervision. The fine and/or restitution, which is due immediately, is inclusive of all penalties and interest, if applicable.

The defendant shall pay interest on any fine and/or restitution of more than Two Thousand Five Hundred Dollars ($2,500.00), unless the fine and/or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the below payment options are subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

The court has determined that the defendant does not have the ability to pay interest or penalties and it is ordered that:

The interest and penalties not be applied to fine and/or restitution.

## RESTITUTION

The defendant shall make restitution to the following persons in the following amounts:

| Name of Payee | Amount of Restitution |
|---|---|
| Office of the Clerk<br>United States District Court<br>2120 Capitol Avenue<br>2nd Floor, Room 2131<br>Cheyenne, WY  82001 | |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

The total fine and other monetary penalties shall be due in full immediately.

IT IS ORDERED the defendant shall pay a special assessment fee in the amount of $700.00, which shall be due immediately. Payments for monetary obligations shall be made payable by cashier's check or money order to the Clerk of the U.S. District Court, 2120 Capitol Avenue, Room 2131, Cheyenne, Wyoming 82001 and shall reference the defendant's case number, 22-CR-23-SWS. The defendant shall participate in the Inmate Financial Responsibility Program to pay his/her monetary obligations. The defendant shall pay all financial obligations immediately. While incarcerated, the defendant shall make payments of at least $25 per quarter. Any amount not paid immediately or through the Inmate Financial Responsibility Program shall be paid commencing 60 days after his/her release from confinement in monthly payments of not less than 10% of the defendant's gross monthly income. All monetary payments shall be satisfied not less than 60 days prior to the expiration of the term of supervised release.

## MONETARY OBLIGATIONS / FORFEIT PROPERTY

The Defendant shall forfeit the following property:
    $13,303,176.76 to be deposited with the Clerk of Court upon order of the Court in a separate order.